UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JMC - TRAN PROPERTIES | CIVIL ACTION |
| VERSUS | No. 22-4727 |
| WESTCHESTER SURPLUS LINES INSURANCE COMPANY | SECTION I |

### ORDER & REASONS

Before the Court is a motion[1] by defendant Westchester Surplus Lines Insurance Company ("Westchester") to dismiss plaintiff JMC – Tran Properties' ("JMC") complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). For the reasons that follow, the Court grants in part and denies in part the motion to dismiss, grants JMC leave to file an amended complaint, and dismisses the motion for more definite statement as moot.

### I. FACTUAL BACKGROUND

This case arises from an insurance dispute.[2] JMC alleges that, between March 1, 2021, and March 1, 2022, JMC's commercial property was insured by a policy issued by Westchester.[3] JMC alleges that the property "sustained significant damages resulting from a hurricane event" in August 2021.[4] JMC further alleges

---

[1] R. Doc. No. 8.
[2] R. Doc. No. 1, ¶¶ 9–25.
[3] *Id.* ¶¶ 10–12.
[4] *Id.* ¶ 15.

that, despite "receiv[ing] satisfactory proof of loss[,]" Westchester has "failed to timely and reasonably adjust the loss . . . ."[5]

JMC filed this action on December 1, 2022, stating three causes of action. First, JMC seeks a declaratory judgment that Westchester has "an obligation to comply with the 30-day and 60-day statutory timelines" set forth in La. Stat. Ann. § 22:1892 and § 22:1973, and that the timelines in those statutes "began to run upon the inspection of the property and/or receipt of the satisfactory proof of loss submission."[6] Second, JMC claims that Westchester "breached the terms of the policy when [it] unjustifiably failed and/or refused to perform its obligations" imposed by the policy and Louisiana law.[7] Third, JMC claims that Westchester breached its duty of good faith and fair dealing by "fail[ing] to timely investigate and settle the loss"[8] and "failing to pay the amount due . . . within sixty days of receiving satisfactory proof of loss . . . ."[9]

Westchester filed the instant motion to dismiss on the grounds that JMC's declaratory judgment claim is duplicative of JMC's breach-of-duty claim[10] and that JMC did not make sufficiently specific factual allegations to support its breach-of-contract and breach-of-duty claims.[11] In the alternative, Westchester requests that

---

[5] *Id.* ¶¶ 20–21.
[6] *Id.* ¶¶ 39–40.
[7] *Id.* ¶ 41.
[8] *Id.* ¶ 44.
[9] *Id.* ¶ 45.
[10] R. Doc. No. 8-1, at 1.
[11] *Id.* at 2.

2

the Court order JMC to amend its complaint as to the breach-of-duty and breach-of-contract claims.[12] JMC opposes the motion.[13]

## II. STANDARDS OF LAW

### a. Declaratory Judgment Actions

Pursuant to the Declaratory Judgment Act, "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). "The Declaratory Judgment Act is 'an authorization, not a command,'" and district courts enjoy broad discretion in deciding claims for declaratory relief. *Smitty's Supply, Inc., v. Hegna*, No. 16-13396, 2019 WL 1099712, at *2 (E.D. La. Mar. 8, 2019) (Lemmon, J.) (quoting *Pub. Affairs Assocs., Inc. v. Rickover*, 369 U.S. 111, 112 (1962)).

"Courts uniformly dismiss declaratory judgment claims under Federal Rule of Civil Procedure 12(b)(6) if they are redundant of the substantive legal claims." *Perry v. H.J. Heinz Co. Brands, LLC*, No. 19-280, 2019 WL 2423231, at *3 (E.D. La. June 10, 2019) (Feldman, J.) (citing *Smitty's Supply*, 2019 WL 1099712, at *2); *accord Lewis v. U.S. Army Corps of Engs.*, No. 18-1838, 2020 WL 4785045, at *2 (E.D. La. 2020) (Lemmon, J.); *Veal v. Wells Fargo Bank*, No. 16-3998, 2016 WL 6024534, at *6 (E.D. La. Oct. 13, 2016) (Fallon, J.). A declaratory judgment claim is redundant if it

---

[12] *Id.*
[13] R. Doc. No. 11.

"seek[s] resolution of issues that will be resolved as a part of the [non-declaratory] claims in the lawsuit." *Perry*, 2019 WL 2423231, at *3 (citing *Am. Equip. Co., Inc. v. Turner Bros. Crane & Rigging, LLC*, No. 13-2011, 2014 WL 3543720, at *4 (S.D. Tex. July 14, 2014)).

### b. Dismissal for Failure to State a Claim

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows for dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Rule 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Together, these rules demand "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and internal quotations omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Culbertson v. Lykos*, 790 F.3d 608, 616 (5th Cir. 2015) (citation omitted) (internal quotation marks omitted).

"[T]he face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of *each element* of the plaintiffs' claim." *Hi-Tech Elec., Inc v. T&B Constr. & Elec. Servs., Inc.*, No. 15-3034, 2017 WL 615414, at *2 (E.D. La. Feb. 15, 2017) (Vance, J.) (emphasis added) (citing *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 255–57 (5th Cir. 2009). A complaint is

insufficient if it contains "only labels and conclusions, or a formulaic recitation of the elements of a cause of action." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (citation and internal quotations omitted). It "must provide the defendant with fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (internal quotations omitted).

### c. Motion for More Definite Statement

Federal Rule of Civil Procedure 12(e) states, in pertinent part, that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." The motion must be made prior to filing a responsive pleading and "must point out the defects complained of and the details desired." Fed. R. Civ. P. 12(e). A court should only grant a motion for a more definite statement when the complaint is "so excessively vague and ambiguous to be unintelligible and as to prejudice the defendant seriously in attempting to answer it." *Phillips v. ABB Combustion Eng'g, Inc.*, No. 13-594, 2013 WL 3155224, at *2 (E.D. La. June 19, 2013) (Feldman, J.) (quoting *Babcock v. Wilcox Co. v. McGriff, Siebels & Williams, Inc.*, 235 F.R.D. 632, 633 (E.D. La. 2006) (Barbier, J.)); *accord Koerner v. Vigilant Ins. Co.*, No. 16-13319, 2016 WL 4728902, at *1 (E.D. La. Sept. 12, 2016) (Africk, J.). "If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order." Fed. R. Civ. P. 12(e).

### d. Louisiana Breach of Insurance Contract Claims

5

"In Louisiana, a breach-of-contract claim has three essential elements: (1) the obligor's undertaking an obligation to perform, (2) the obligor failed to perform the obligation (the breach), and (3) the failure to perform resulted in damages to the obligee." *IberiaBank v. Broussard*, 907 F.3d 826, 835 (5th Cir. 2018) (quotations and citations omitted). "To state a claim for breach of an insurance contract under Louisiana law, a plaintiff must allege a breach of a specific policy provision." *Louque v. Allstate Ins. Co.*, 314 F.3d 776, 782 (5th Cir. 2002); *accord Hibbets v. Lexington Ins. Co.*, 377 F. App'x 352, 355 (5th Cir. 2010) (per curiam) ("We have recognized that in order to allege a valid 'claim for breach of an insurance contract under Louisiana law, a plaintiff must allege a breach of a specific policy provision.'" (quoting *Louque*, 314 F.3d at 782)); *NAZ LLC v. Mt. Hawley Ins. Co.*, No. 21-1893, 2022 WL 1719272, at *2 (E.D. La. May 27, 2022) (Lemelle, J.) (quoting *Whitney Bank v. SMI Cos. Glob., Inc.*, 949 F.3d 196, 205 (5th Cir. 2020)); *Bean v. Am. Gen. Life Ins. Co.*, No. 17-57, 2017 WL 2831692, at *2 (E.D. La. June 30, 2017) (Vance, J.); *Koerner*, 2016 WL 4728902, at *1.

Insurers owe a duty of good faith and fair dealing to their insureds. La. Stat. Ann. § 22:1973(A). An insurer breaches this duty if it arbitrarily, capriciously, and without probable cause fails to pay a claim "within sixty days of satisfactory proof of loss." *Id.* § 1973(B)(5). An insured party also has a cause of action for penalties against their insurer if the insurer fails to pay a claim within thirty days of "receipt of satisfactory proofs of loss" and that failure is "arbitrary, capricious, or without probable cause." *Id.* § 1892(B).

To recover pursuant to these statutes, "a plaintiff must first have a valid, underlying, substantive claim upon which insurance coverage is based." *Q Clothier New Orleans, LLC v. Twin City Fire Ins. Co.*, 535 F. Supp. 3d 574, 588 (E.D. La. 2021) (Lemelle, J.) (quoting *Pelle v. Munos*, 296 So. 3d 14, 25 (La. Ct. App. 2020)). "[W]hen a breach of insurance contract fails, a bad faith claim shall likewise fail." *Id.* (citing *Bayle v. Allstate Ins. Co.*, 615 F.3d 350, 363 (5th Cir. 2010)). In addition, a complaint alleging breach of the good faith statutes must state factual allegations that allow the court to "plausibly conclude" that the insurer's actions were "arbitrary, capricious, and unsupported by any evidence and constitute bad faith." *Hibbets*, 377 F. App'x at 256 (quotations and citations omitted); *accord NAZ, LLC v. United Nat'l Ins. Co.*, 779 F. App'x 200, 205 (5th Cir. 2019).

### III. ANALYSIS

#### a. Declaratory Judgment

JMC's claim for declaratory relief is duplicative of its claims for breach of the duty of good faith. JMC asks this Court to "confirm[ ] that Defendant has an obligation to comply"[14] with § 22:1892 and § 22:1973 and that the related timelines "began to run upon the inspection of the property and/or receipt of the satisfactory proof of loss submission."[15] This Court's recent decision in *Omkar, LLC v. AmGUARD Ins. Co.*, No. 22-1462, 2022 WL 3924291 (E.D. La. Aug. 31, 2022) (Africk, J.) is instructive. In *Omkar*, this Court dismissed a nearly identical declaratory judgment

---

[14] R. Doc. No. 1, ¶ 39.
[15] *Id.* ¶ 40.

7

claim because it was "redundant in that it [sought] resolution of an issue that [would] necessarily be resolved as part of a non-declaratory claim." *Id.* at *4 (citing *Perry*, 2019 WL 2423231, at *3). This Court reasoned that La. Stat. Ann. §§ 22:1892 and 22:1973 "are the very same statutes on which [the plaintiff's] claims for breach of the duty of good faith are based. Neither party disputes the fact that these statutes define defendant's obligations."[16] This Court therefore dismissed the plaintiff's claim for declaratory judgment.

In *Zahid Hotel Group, L.L.C. v. AmGUARD Insurance Co.*, No. 22-02792, 2022 WL 16739758 (E.D. La. Nov. 7, 2022) (Fallon, J.), another section of this Court considered a plaintiff's similar request for declaratory judgment on three issues: "whether [the defendant] had [the] obligation to comply with La. R.S. § 22:1892 and La. R.S. § 22:1973[;] if so, on what date those statutory obligations were triggered, and whether those obligations were complied with." *Id.* at *2. The Court noted that

> to determine whether [the defendant] breached its contract with [the plaintiff], the Court must determine whether [the defendant] had a duty to comply with La. Stat. Ann. § 22:1892, and whether that duty was breached. To determine whether that duty was breached, the Court must determine on what date those statutory obligations were triggered. Similarly, . . . to determine whether [the defendant] breached its duty to [the plaintiff], the Court must determine whether [the defendant] had a duty to comply with and La. R.S. § 22:1973, and whether that duty was breached. To determine whether that duty was breached, the Court must determine on what date those statutory obligations were triggered.

---

[16] This Court also noted in *Omkar* that "[i]f there is any dispute as to the applicability of these statutes or their timelines to [the defendant's] conduct, that dispute [would] be resolved at trial or in motions for summary judgment." *Omkar*, 2022 WL 3924291, at *4.

*Id.* The Court accordingly concluded that the plaintiff's "claim for declaratory relief seeks resolution only of issues that will be resolved as a part of the Court's decision on its non-declaratory claims in the lawsuit[,]" and was therefore redundant of the plaintiff's substantive legal claims. *Id.*

JMC has failed to address, let alone distinguish, the instant case from *Omkar* and *Zahid*. JMC merely argues in its opposition that its request for a declaratory judgment is not duplicative because it seeks a judgment finding: "1) Westchester's obligation under the statutes; 2) when the statutory obligations were triggered (i.e., the date or dates of satisfactory poof of loss); and 3) whether payment was tendered within 30 and/or 60 days thereafter."[17] Yet all three findings are, as previously discussed, findings the Court would necessarily have to make in ruling on JMC's breach-of-duty claim. JMC's declaratory judgment claim is therefore duplicative of its substantive legal claim for breach of duty of good faith and will be dismissed.

### b. Failure to State a Claim

JMC's complaint fails to provide Westchester with sufficient "notice of what the plaintiff's claim is and the grounds upon which it rests." *Dura Pharms., Inc.*, 544 U.S. at 346 (internal quotations omitted). First, JMC's complaint does not identify any policy provision it believes Westchester has breached, "which alone is enough to render the complaint deficient." *Omkar, LLC*, 2022 WL 3924291, at *4 (citing *NAZ LLC*, 2022 WL 1719272, at *2); *Koerner*, 2016 WL 4728902, at *1.[18]

---

[17] R. Doc. No. 11, at 15.
[18] JMC argues that, despite the holding in *Louque*, 314 F.3d 776, Louisiana law does not require a claim for breach of an insurance contract to identify a specific policy

9

Second, even setting aside that deficiency, the factual material alleged in the complaint is insufficient to support either a breach of contract claim or the attendant damages in the event of a breach. The factual material contained in the complaint states only, in relevant part, that JMC's property was damaged due to "a hurricane event[,]"[19] that Westchester has received "satisfactory proof of loss[,]"[20] and that Westchester "failed to timely and reasonably adjust the loss."[21] These allegations "parrot the legal standards applicable to [JMC's] claims without providing factual support." *Omkar, LLC*, 2022 WL 3924291, at *4; *see also Hibbets*, 377 F. App'x at 355 (affirming dismissal of a complaint for breach of insurance contract that lacked factual allegations and merely "stat[ed] a conclusory allegation that [defendant insurer's] actions were arbitrary, or that [defendant insurer] breached a duty[.]").[22]

---

provision. R. Doc. No. 11, at 2–4. In support of this proposition, JMC cites four cases, three of which were authored by a single judge in this district, holding that plaintiffs did not need to identify a specific policy provision in order to state a claim for breach of an insurance contract. *Id.* (citing *Stokes v. Allstate Indem. Co.*, No. 06-1053, 2007 WL 1875847, at *2 (E.D. La. June 28, 2007) (Barbier, J.); *Meadowcrest Pro. Bldg. P'ship, LLC v. Companion Prop. & Cas. Ins. Co.*, No. 14-2196, 2014 WL 5481092, at *2 (E.D. La. Oct. 29, 2014) (Barbier, J.); *SMG Foods, LLC v. Delek Cap.*, No. 09-6734, 2010 WL 103873, at *2 (E.D. La. Jan. 7, 2010) (Barbier, J.); *Riverbend Cap., LLC v. Essex Ins. Co.*, No. 09-3599, 2009 WL 2408385, at *3 (E.D. La. Aug. 4, 2009) (Fallon, J.)). *Stokes*, *SMG Foods*, and *Riverbend Capital* predate the Fifth Circuit's 2010 decision in *Hibbets*, which reaffirmed the requirement that a plaintiff "allege a breach of a specific policy provision." 377 F. App'x 352 at 355. The fourth case, *Meadowcrest*, does not discuss *Hibbets*, but rather cites to the prior decisions in *Stokes* and *SMG Foods*. The more recent decisions in this district, cited in this Order & Reasons, consistently require plaintiffs to identify breach of a specific policy provision in order to state a claim for breach of an insurance contract.
[19] R. Doc. No. 1, ¶ 15.
[20] *Id.* ¶ 20.
[21] *Id.* ¶ 21.
[22] JMC attempts to distinguish the facts in *Hibbets* from those of the present case. However, as in *Hibbets*, JMC's complaint is "devoid of facts concerning when [JMC]

Further, JMC merely sets forth the legal standards applicable to bad-faith claims, without providing factual support for its allegations that Westchester "unjustifiably failed and/or refused to perform its obligations."[23] For example, JMC's complaint does not state when Westchester received satisfactory proof of loss, when inspections of the property took place, or other factual allegations regarding timing which are necessary to determine if and when the 30-day and 60-day statutory periods began to run. Further, though JMC alleges that Westchester "continues to unreasonably refuse to pay the undisputed portion of the claim[,]"[24] JMC provides no factual allegations as to what this undisputed portion of the claim is, including the amount paid, amount outstanding, and why any unpaid portions are nonetheless properly considered "undisputed." In sum, JMC has failed to provide specific factual allegations supporting its claim that Westchester "failed to timely and reasonably adjust the loss."[25]

---

submitted their claims to [Westchester], when they were contacted by a claims adjuster, the nature of the damage to their propert[y], [and] what amounts they contend that [Westchester] should have paid . . . ." *Hibbets*, 377 F. App'x at 355. JMC's bare-bones complaint alleges only that: "Plaintiff believed they had sustained damage . . . and made a claim[;]" "[Westchester] was given full access to inspect the insured premises" and "has had ample opportunity to view the extensive damage to the property[;]" "Plaintiff believed they had sustained damage to the Insured Premises as a result of" Hurricane Ida; and "[Westchester] has failed to timely and reasonably adjust the loss." R. Doc. No. 1, ¶¶ 16, 18, 21. In sum, like the plaintiffs in *Hibbets*, JMC has alleged little more than conclusory allegations. *Id.* at 356.

[23] R. Doc. No. 1, ¶ 41.
[24] *Id.* ¶ 24.
[25] As the Court has found that JMC failed to plead sufficient factual allegations to state claims for breach of contract or breach of duty, the Court will not address JMC's argument regarding the heightened pleading standard of Federal Rule of Civil Procedure 9.

11

Though JMC's complaint is deficient, the Federal Rules command that courts "should freely give leave" to amend an inadequate complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). JMC's complaint does not provide Westchester with sufficient information as to the factual basis of its claims. As such, the Court will provide JMC with an opportunity to amend its complaint.

Accordingly,

**IT IS ORDERED** that the motion to dismiss is **GRANTED** only with regard to JMC's claims for declaratory judgment and that claim is **DISMISSED**.

**IT IS FURTHER ORDERED** that JMC may file an amended complaint that provides more factual detail as to its breach-of-contract and breach-of-duty claims **no later than MARCH 29, 2023**. If JMC fails to timely file an amended complaint, the Court will dismiss this action and enter judgment in favor of the defendant. If an amended complaint is filed, defendant may, if warranted, re-file a timely motion to dismiss.

**IT IS FURTHER ORDERED** that the motion for a more definite statement is **DISMISSED AS MOOT**.

New Orleans, Louisiana, March 15, 2022.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**